| | |
|---|---|
| STATE OF MAINE<br>PENOBSCOT, SS. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO: |

CHARLES ARRIGONI, as next friend )
and personal representative of the )
Estate of CAMERON ARRIGONI, )
an Estate in the County of Penobscot, )
State of Maine, )
                                     Plaintiff )
                                                 )
v.                                                )

CHRISTIAN BAILEY, an individual )
employed by the Town of Hampden, )
County of Penobscot, State of Maine, )

&                                               )

TOWN OF HAMPDEN, a municipality )
located in the County of Penobscot, )
State of Maine, )

CHIEF JOSEPH ROGERS, in his )
capacity as Chief of Police for the )
Town of Hampden, County of )
Penobscot, State of Maine, )
                                    Defendants )

## COMPLAINT

NOW COMES the Plaintiff, by and through his attorney and complains against the Defendants as follows:

## PARTIES

1.    At all times relevant to this Complaint, Cameron Arrigoni, was an individual residing in the Town of Hampden, County of Penobscot, State of Maine at the

time of his death.

2. Plaintiff Charles Arrigoni, acting as the personal representative of the Estate of Cameron Arrigoni, is an individual residing in the Town of Winterport, County of Penobscot, State of Maine.

3. At all times relevant to this Complaint, Defendant Christian Bailey was employed by and acting in his official capacity as a police officer for the Town of Hampden, County of Penobscot, State of Maine.

4. At all times relevant to this Complaint, Defendant Town of Hampden was a municipality located in the County of Penobscot, State of Maine.

5. At all times relevant to this Complaint Defendant Joseph Rogers was employed by and acting in his official capacity as the Chief of the Hampden Police Department located in the County of Penobscot, State of Maine.

## FACTUAL ALLEGATIONS

6. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 5 as if fully restated herein.

7. On or about June 9, 2013, officers were called to a residence in Hampden, Maine for an alleged domestic in progress.

8. Officer Bailey was one of two first responding officers at the scene.

9. Despite orders to remain outside and wait for further assistance from the Rapid Response Team, Officer Bailey disobeyed those orders and entered the residence.

10. Immediately upon confronting Mr. Arrigoni in the residence and without any attempts to use lesser force, Officer Bailey shot Mr. Arrigoni in the chest and

head with his Glock .45 caliber handgun.

11. Mr. Arrigoni died as the direct result of the injuries he sustained from being shot in the chest and head.

12. Prior to June 9, 2013, Officer Bailey had no experience or training in hostage rescue or negotiation with homicidal/suicidal mentally ill individuals and no proper training with regard to the deadly use of force in circumstances as those that arose in the June 9th incident.

13. Upon information and belief that the Town of Hampden and its Police Department failed to provide adequate training to Officer Bailey with regard to such situations or to implement adequate policies with regard to the same.

14. Upon information and belief that prior to June 9, 2013, the Town of Hampden possessed no policy regarding the training of its officers in dealing with crisis situations involving a homicidal or suicidal individual, or with regard to hostage negotiation, hostage rescue or negotiation and dealing with an individual with serious mental health issues in such situations.

## COUNT I – SECTION 1983
## CHRISTIAN BAILEY

15. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 14 as if fully restated herein.

16. Pursuant to the Eighth Amendment, Defendant Bailey, individually, owed Cameron Arrigoni a duty to not deprive him of his rights, privileges or immunities secured by the Constitution and laws of the United States.

17. Defendant had a duty to take reasonable measures to avoid denying Cameron Arrigoni the same, by following orders and complying with orders and his employer's policies and procedures for use of deadly force.

18. Defendant, acting under color of a statute, ordinance, regulation, custom, or usage, of the State of Maine, subjected, or caused to be subjected, Cameron Arrigoni, a citizen of the United States, to a deprivation of his rights, privileges, or immunities secured by the Constitution and laws of the United States.

19. As a result of Defendant's actions and/or inactions, Defendant is liable to Plaintiff in an action at law.

20. Defendant knew of and intentionally and/or recklessly disregarded a known risk to Cameron Arrigoni's health and safety.

21. Defendant acted with deliberate indifference to Cameron Arrigoni's health and safety, causing him injury, specifically death.

### COUNT II – MAINE CIVIL RIGHTS ACT
### 5 M.R.S.A. §4682
### CHRISTIAN BAILEY

22. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 21 as if fully restated herein.

23. Defendant intentionally interfered or attempted to interfere with the exercise or enjoyment by Cameron Arrigoni of rights secured by the United States and Maine Constitutions.

24. Defendant's actions in so doing were in violation of the Maine Civil Rights Act.

25. Defendant's actions directly and proximately caused Cameron Arrigoni serious

physical and emotional harm, specifically death.

### COUNT III – WRONGFUL DEATH
### CHRISTIAN BAILEY

26. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 25 as if fully restated herein.

27. Defendant wrongfully and/or negligently caused the death of Cameron Arrigoni.

28. Defendant's actions have directly and proximately caused Mr. Arrigoni's heirs and estate to suffer pecuniary loss.

29. Defendant's actions have also directly and proximately caused Mr. Arrigoni's heirs and estate to suffer the loss of comfort, care and companionship of Mr. Arrigoni, as well as significant emotional distress.

30. Plaintiff has also suffered medical, hospital and funeral expenses as the direct and proximate result of Defendant's wrongful actions.

### COUNT IV – CONSCIOUS PAIN AND SUFFERING
### CHRISTIAN BAILEY

31. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 30 as if fully restated herein.

32. Defendant's wrongful and/or negligent actions caused Cameron Arrigoni conscious pain and suffering prior to his death.

### COUNT V – SECTION 1983
### TOWN OF HAMPDEN

33. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 32 as if fully restated herein.

PARADIE, SHERMAN, WALKER & WORDEN, 11 LISBON STREET SUITE 202, LEWISTON, ME 04240 (207) 344-9362

34. Upon information and belief that Defendant failed to implement a training program for its officers or implemented a program that was grossly inadequate to prevent the type of harm suffered by Cameron Arrigoni.

35. Defendant's gross negligence and deliberate indifference to the rights of Mr. Arrigoni and the public at large directly and proximately caused Defendant Christian Bailey to deny Cameron Arrigoni his civil rights, whereby causing injury to Plaintiff.

36. Defendant is liable to Plaintiff for its gross negligence and deliberate indifference to the rights of Cameron Arrigoni and for the losses sustained by his heirs.

## COUNT VI – MAINE CIVIL RIGHTS ACT
## 5 M.R.S.A. §4682
## TOWN OF HAMPDEN

37. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 36 as if fully restated herein.

38. By deliberately failing to adequately train its officers or to implement adequate policies and procedures, Defendant intentionally interfered or attempted to interfere with the exercise or enjoyment by Cameron Arrigoni of rights secured by the United States and Maine Constitutions.

39. Defendant's actions in so doing were in violation of the Maine Civil Rights Act.

40. Defendant's actions caused Cameron Arrigoni serious physical and emotional harm, specifically death.

## COUNT VII – WRONGFUL DEATH
## TOWN OF HAMPDEN

PARADIE, SHERMAN, WALKER & WORDEN, 11 LISBON STREET SUITE 202, LEWISTON, ME 04240 (207) 344-9362

41. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 40 as if fully restated herein.

42. Defendant's deliberate indifference and wrongful conduct directly and proximately caused the death of Cameron Arrigoni.

43. Defendant's actions have directly and proximately caused Mr. Arrigoni's heirs and estate to suffer pecuniary loss.

44. Defendant's actions have also directly and proximately caused Mr. Arrigoni's heirs and estate to suffer the loss of comfort, care and companionship of Mr. Arrigoni, as well as significant emotional distress.

45. Plaintiff has also suffered medical, hospital and funeral expenses as the direct and proximate result of Defendant's wrongful actions.

## COUNT VIII – CONSCIOUS PAIN AND SUFFERING
## TOWN OF HAMPDEN

46. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 45 as if fully restated herein.

47. Defendant's deliberate indifference and wrongful actions caused Cameron Arrigoni conscious pain and suffering prior to his death.

## COUNT IX – SECTION 1983
## JOSEPH ROGERS

48. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 47 as if fully restated herein.

49. Upon information and belief that Defendant failed to implement a training program for his officers or implemented a program that was grossly inadequate to

prevent the type of harm suffered by Cameron Arrigoni.

50. Defendant's gross negligence and deliberate indifference to the rights of Mr. Arrigoni and the public at large directly and proximately caused Defendant Christian Bailey to deny Cameron Arrigoni his civil rights, whereby causing injury to Plaintiff.

51. Defendant is liable to Plaintiff for his gross negligence and deliberate indifference to the rights of Cameron Arrigoni.

### COUNT X – MAINE CIVIL RIGHTS ACT
### 5 M.R.S.A. §4682
### JOSEPH ROGERS

52. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 51 as if fully restated herein.

53. By deliberately failing to adequately train his officers or to implement adequate policies and procedures, Defendant intentionally interfered or attempted to interfere with the exercise or enjoyment by Cameron Arrigoni of rights secured by the United States and Maine Constitutions.

54. Defendant's actions in so doing were in violation of the Maine Civil Rights Act.

55. Defendant's actions caused Cameron Arrigoni serious physical and emotional harm, specifically death.

### COUNT XI – WRONGFUL DEATH
### JOSEPH ROGERS

56. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 55 as if fully restated herein.

PARADIE, SHERMAN, WALKER & WORDEN, 11 LISBON STREET SUITE 202, LEWISTON, ME 04240 (207) 344-9362

57. Defendant's deliberate indifference and wrongful conduct directly and proximately caused the death of Cameron Arrigoni.

58. Defendant's actions have directly and proximately caused Mr. Arrigoni's heirs and estate to suffer pecuniary loss.

59. Defendant's actions have also directly and proximately caused Mr. Arrigoni's heirs and estate to suffer the loss of comfort, care and companionship of Mr. Arrigoni, as well as significant emotional distress.

60. Plaintiff has also suffered medical, hospital and funeral expenses as the direct and proximate result of Defendant's wrongful actions.

### COUNT XII – CONSCIOUS PAIN AND SUFFERING
### JOSEPH ROGERS

61. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 60 as if fully restated herein.

62. Defendant's deliberate indifference and wrongful actions caused Cameron Arrigoni conscious pain and suffering prior to his death.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a. Declare that Defendants have wrongfully deprived Cameron Arrigoni of his constitutionally secured rights under the Maine and United States Constitutions;

b. Declare that Defendants have wrongfully caused the death of Cameron Arrigoni;

c. Award Plaintiff compensatory damages to be determined at trial;

d. Award Plaintiff punitive damages to be determined at trial;

PARADIE, SHERMAN, WALKER & WORDEN, 11 LISBON STREET SUITE 202, LEWISTON, ME 04240 (207) 344-9362

  e. Award Plaintiff pre-judgment interest;

  f. Award Plaintiff attorney's fees and costs;

  g. Award Plaintiff such further relief as it deems just and proper.

Date: June 1, 2015

                VERNE E. PARADIE, JR, ESQUIRE
                Attorney for the Plaintiff
                Bar No: 8929

PARADIE, SHERMAN, WALKER & WORDEN, 11 LISBON STREET SUITE 202, LEWISTON, ME 04240 (207) 344-9362