UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CHARLES ARRIGONI, as next friend and Personal representative of the Estate of CAMERON ARRIGONI, and Estate in the County of Penobscot, State of Maine,

Plaintiff,

v.

CHRISTIAN BAILEY,
TOWN OF HAMPDEN, and
CHIEF JOSEPH ROGERS

Defendants

Case No. ____________________

**ANSWER**

NOW COME Defendants Christian Bailey, Town of Hampden and Chief Joseph Rogers, by and through undersigned counsel, and answer Plaintiff's Complaint as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore deny the same.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore deny the same.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

FACTUAL ALLEGATIONS

6. Defendants repeat and reallege their responses contained in paragraphs 1 through 5 herein.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the complaint.

10. Defendants deny the allegations contained in paragraph 10 of the complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the complaint.

13. Defendants deny the allegations contained in paragraph 13 of the complaint.

14. Defendants deny the allegations contained in paragraph 14 of the complaint.

**COUNT I – SECTION 1983**
**CHRISTIAN BAILEY**

15. Defendants repeat and reallege their responses contained in paragraphs 1 through 14 herein.

16. Defendants deny the allegations contained in paragraph 16 of the complaint.

17. Defendants deny the allegations contained in paragraph 17 of the complaint.

18. Defendants deny the allegations contained in paragraph 18 of the complaint.

19. Defendants deny the allegations contained in paragraph 19 of the complaint.

20. Defendants deny the allegations contained in paragraph 20 of the complaint.

21. Defendants deny the allegations contained in paragraph 21 of the complaint.

**COUNT II – MAINE CIVIL RIGHTS ACT**
**5 M.R.S.A. §4682**
**CHRISTIAN BAILEY**

22. Defendants repeat and reallege their responses contained in paragraphs 1 through 21 herein.

23. Defendants deny the allegations contained in paragraph 23 of the complaint.

24. Defendants deny the allegations contained in paragraph 24 of the complaint.

25. Defendants deny the allegations contained in paragraph 25 of the complaint.

**COUNT III – WRONGFUL DEATH**
**CHRISTIAN BAILEY**

26. Defendants repeat and reallege their responses contained in paragraphs 1 through 25 herein.

27. Defendants deny the allegations contained in paragraph 27 of the complaint.

28. Defendants deny the allegations contained in paragraph 28 of the complaint.

29. Defendants deny the allegations contained in paragraph 29 of the complaint.

30. Defendants deny the allegations contained in paragraph 30 of the complaint.

**COUNT IV – CONSCIOUS PAIN AND SUFFERING**
**CHRISTIAN BAILEY**

31. Defendants repeat and reallege their responses contained in paragraphs 1 through 30 herein.

32. Defendants deny the allegations contained in paragraph 32 of the complaint.

**COUNT V – SECTION 1983**
**TOWN OF HAMPDEN**

33. Defendants repeat and reallege their responses contained in paragraphs 1 through 32 herein.

34. Defendants deny the allegations contained in paragraph 34 of the complaint.

35. Defendants deny the allegations contained in paragraph 35 of the complaint.

36. Defendants deny the allegations contained in paragraph 36 of the complaint.

**COUNT VI – MAINE CIVIL RIGHTS ACT**
**5 M.R.S.A. § 4682**
**TOWN OF HAMPDEN**

37. Defendants repeat and reallege their responses contained in paragraphs 1 through 36 herein.

38. Defendants deny the allegations contained in paragraph 38 of the complaint.

39. Defendants deny the allegations contained in paragraph 39 of the complaint.

40. Defendants deny the allegations contained in paragraph 40 of the complaint.

**COUNT VII – WRONGFUL DEALTH**
**TOWN OF HAMPDEN**

41. Defendants repeat and reallege their responses contained in paragraphs 1 through 40 herein.

42. Defendants deny the allegations contained in paragraph 42 of the complaint.

43. Defendants deny the allegations contained in paragraph 43 of the complaint.

44. Defendants deny the allegations contained in paragraph 44 of the complaint.

45. Defendants deny the allegations contained in paragraph 45 of the complaint.

**COUNT VIII – CONSCIOUS PAIN AND SUFFERING**
**TOWN OF HAMPDEN**

46. Defendants repeat and reallege their responses contained in paragraphs 1 through 45 herein.

47. Defendants deny the allegations contained in paragraph 47 of the complaint.

**COUNT IX – SECTION 1983**
**JOSEPH ROGERS**

48. Defendants repeat and reallege their responses contained in paragraphs 1 through 47 herein.

49. Defendants deny the allegations contained in paragraph 49 of the complaint.

50. Defendants deny the allegations contained in paragraph 50 of the complaint.

51. Defendants deny the allegations contained in paragraph 51 of the complaint.

**COUNT X – MAINE CIVIL RIGHTS ACT**
**5 M.R.S.A § 4628**
**JOSEPH ROGERS**

52. Defendants repeat and reallege their responses contained in paragraphs 1 through 51 herein.

53. Defendants deny the allegations contained in paragraph 53 of the complaint.

54. Defendants deny the allegations contained in paragraph 54 of the complaint.

55. Defendants deny the allegations contained in paragraph 55 of the complaint.

**COUNT XI – WRONGFUL DEATH**
**JOSEPH ROGERS**

56. Defendants repeat and reallege their responses contained in paragraphs 1 through 55 herein.

57. Defendants deny the allegations contained in paragraph 57 of the complaint.

58. Defendants deny the allegations contained in paragraph 58 of the complaint.

59. Defendants deny the allegations contained in paragraph 59 of the complaint.

60. Defendants deny the allegations contained in paragraph 60 of the complaint.

**COUNT XII – CONSCOUIS PAIN AND SUFFERING**
**JOSEPH ROGERS**

61. Defendants repeat and reallege their responses contained in paragraphs 1 through 60 herein.

62. Defendants deny the allegations contained in paragraph 62 of the complaint.

WHEREFORE, Defendants demand judgment in their favor, plus their costs of suit.

**AFFIRMATIVE DEFENSES**

1. Defendants affirmatively defend by stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the statute of limitations.

3. Defendants affirmatively defend by stating that their conduct was privileged.

4. Plaintiff has failed to mitigate its own damages.

5. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred for failure to comply with the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

6. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

7. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the doctrine of absolute immunity and/or qualified immunity.

8. If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

9. Any action taken by these Defendants was based upon probable cause and/or exigent circumstances.

10. Defendant municipality has no liability for damages because the conduct of its employees did not violate clearly established law, therefore any alleged failure to hire, train, manage, discipline, or supervise could not have been a proximate cause of Plaintiff's damages.

11. Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort.

12. No clearly established rights of Plaintiff were violated by Defendants' actions.

13. The amount of force used by Defendant Bailey was objectively reasonable in light of the facts and circumstances surrounding the incident and the emergency situation with which the responding officers were faced.

14. The amount of force used, if any, by Defendant Bailey was only that amount which he subjectively believed was reasonable and necessary under the circumstances.

15. Plaintiff's claims are barred by the doctrine of estoppel and/or preclusion.

16. Defendants affirmatively defend by stating that Plaintiff's injuries, if any, were not caused by any municipal policy or custom.

17. Defendants affirmatively defend by stating that no supervisory liability claim can lie in the absence of a violation of Plaintiff's rights by an officer that is observed by a supervisory officer, which officer also had a reasonable opportunity to intervene and stop such violation but failed to do so.

DATED: June 22, 2015

/s/ Edward R. Benjamin, Jr.
Edward R. Benjamin, Jr.
Kaisa S. Park
Attorneys for Defendants

Drummond Woodsum & MacMahon
84 Marginal Way, Suite 600
Portland, Maine 04101-2480
(207)772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2015, I filed the Answer to Complaint with the Clerk of Court via e-mail at newcases.bangor@med.uscourts.gov. I also certify that I made service of the foregoing, by depositing a true copy of same, on this date, in the U.S. Mail, postage prepaid to:

Verne E. Paradie, Jr., Esq.
Paradie, Sherman, Walker & Worden
11 Lisbon Street, Suite 202
Lewiston, ME 04240

*/s/Edward R. Benjamin, Jr.*
Attorney for Defendants